UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LAZARO DELGADO,** ) | Case No. 1:10cv494 |
| ) | Criminal Case No. 1:07cr248 |
| **Petitioner,** ) | |
| ) | Judge Dan Aaron Polster |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** ) | **AND ORDER** |
| ) | |
| **Respondent.** ) | |

Before the Court is Petitioner Lazaro Delgado's *pro se* motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence, filed on March 8, 2010 (***Doc: #1***).  On September 17, 2007, Petitioner, pursuant to a written agreement, pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B) and 846.  *Doc*: *#14*.[1]  The Court sentenced Petitioner to a prison term of two-hundred and ten (210) months with eight (8) years supervised release on December 11, 2007.  *Doc*: *#18*.  Judgment was entered on December 12, 2007.  *Doc*: *#19*.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed
> exhibits and the prior proceedings in the case that the movant is
> not entitled to relief in the district court, the judge shall make an

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:07cr248.

> order for its summary dismissal and cause the movant to be
> notified. Otherwise, the judge shall order the United States
> Attorney to file an answer or other pleading within the period of
> time fixed by the court or to take such other action as the judge
> deems appropriate.

*Id*. Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner is not entitled to relief. The basis for Petitioner's motion is that he received ineffective assistance counsel because a Spanish-language interpreter was not made available to him during plea negotiations. Thus, he argues, his change of plea from not guilty to guilty was neither knowing nor voluntary.

Petitioner's argument is rejected. At his change of plea hearing, Petitioner, though directly asked by the Court, failed to indicate that counsel had not reviewed the plea agreement with him, that he did not understand to what he was pleading guilty and that he was dissatisfied with counsel's representation.

A Spanish-language interpreter was actually made available to Petitioner at the change of plea hearing. The Court informed Petitioner that "[i]f there is anything you don't understand, I'll either explain it or I will have [the interpreter] translate it to Spanish," to which Defendant replied "[o]kay, Your Honor." *Doc: #28* at 5. Accordingly, Petitioner had the opportunity to utilize the services of the interpreter to translate any terms he did not understand.

The interpreter ended up being unnecessary because Petitioner stated that he understood and read English. When, prior to going over the plea agreement with Petitioner, the Court asked him if he was "understanding my English," Petitioner responded "[y]es, Your Honor"; when the Court subsequently asked him if "you can read English," Petitioner again responded "[y]es, Your Honor." *Id*. at 4. Thus, not only was a translator provided at the change

of plea hearing, but Petitioner acknowledged that he could read and speak English.

Once Petitioner indicated that he understood and read English, the following colloquy took place:

> The Court: ... Mr. Delgado, I sort of asked you this already, but I want to do it again.
> Did you read this plea agreement carefully?
> The Defendant: Yes, Your Honor.
> ...
> The Court: Mr. Delgado, did you have a chance to discuss this plea agreement with Miss Lord and to ask her any questions about it that you might have had?
> The Defendant: Yes, Your Honor.
> ...
> The Court: And are you satisfied with your lawyer's representation of you?
> The Defendant: Yes, Your Honor.
> ...
> The Court: Put another way, are you here voluntarily, because after discussing this with your lawyer and possibly some family members, you have decided this is the best thing to do under the circumstances?
> The Defendant: Yes, Your Honor.

*Id*. at 5-7.

The Court then went over the charge to which Petitioner was pleading guilty, the mandatory minimum and maximum sentences, the potential fine incurred, the mandatory period of supervised release and the general conditions of supervised release, the mandatory special assessment, and the enhancements to his sentence that Petitioner faced due to having at least one prior felony drug conviction. *Id*. at 7-9. Petitioner expressly stated that he understood the Court's explanation of these issues. *Id*.

Additionally, the Court discussed the advisory Federal Sentencing Guidelines, asked whether defense counsel reviewed with him how the guidelines were likely to work in his case, explained that he may be classified as a Career Offender and how that could impact his

sentence, and discussed how a motion for sentence reduction could be filed if the Government felt that he offered cooperation assistance testimony. *Id*. at 9-11. Petitioner again indicated that he understood each of these matters discussed by the Court. *Id*.

Thus, after Petitioner acknowledged that he understood and read English, and with a Spanish language interpreter available to assist, the Court carefully reviewed Petitioner's understanding of the plea agreement and confirmed that counsel had gone over the plea agreement with Petitioner. At no time during the change of plea hearing did Petitioner indicate that he had trouble understanding the plea agreement, did not understand what he was pleading guilty to and the possible sentence he faced, or that he was dissatisfied with defense counsel. Petitioner's guilty plea was knowing and voluntary. He cannot now attempt to blame counsel for any regrets he may have in signing the plea agreement.[2]

Accordingly, since it plainly appears from the motion and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. §2255, the motion is **SUMMARILY DISMISSED** under Rule 4(b).

**IT IS SO ORDERED.**

                 /s/Dan Aaron Polster    3/15/10
                 **Dan Aaron Polster**
                 **United States District Judge**

---

[2] It is worth noting that Petitioner's *pro se* motion, which he presumably drafted on his own, is very clear and well-written. While certainly not determinative of his understanding of English at the time of the change of plea hearing, the quality of writing in the motion far exceeds what would be expected from someone who struggled with English approximately two and a half years ago.