UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  | CASE NO. 07-cr-248 |
| ) | |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **LAZARO DELGADO,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Lazaro Delgado's Motion for Compassionate Release, **Doc #: 49**. For the following reasons, Delgado's Motion is **DENIED**.

I. **Background**

Delgado is serving a 210-month sentence for his conviction of conspiracy to possess with the intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  Doc #: 19. He is currently held at Federal Correctional Institute Beckley ("FCI Beckley") and has an expected release date of April 28, 2022. Delgado now asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on concerns of contracting COVID-19 while in FCI Beckley. Doc #: 49.

II. **Discussion**

   a. **Exhaustion**

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

>on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Delgado asserts he made his request to the Warden of FCI Beckley and that the Warden denied his request on July 6, 2020. Doc #: 49 at 2. Because more than 30 days must have passed since the Warden received Delgado's request, Delgado has satisfied the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).

### b. Sentence Modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *United States v. Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio May 21, 2020).

### 1. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." Id. at *8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. Id.

Delgado is 60 years old and claims to have type II diabetes, high cholesterol, and kidney problems Doc #: 49 at 8. These conditions might put Delgado at high risk of having grave complications should he contract COVID-19. The Centers for Disease Control and Prevention

("CDC") acknowledges that the risk of severe illness from COVID-19 is higher for older adults.[1] Further, type II diabetes and chronic kidney disease are known to put a person at increased risk of severe illness from COVID-19 while high cholesterol may put a person at increased risk.[2]

However, FCI Beckley is not experiencing a severe COVID-19 outbreak. Only one person within FCI Beckley has tested positive for COVID-19 – a staff member who has since recovered.[3] Accordingly, Delgado has not shown extraordinary and compelling reasons warrant a sentence modification.

### 2. Danger to the Safety of any Other Person or the Community & Section 3553(a) Factors

Because Delgado does not show extraordinary and compelling reasons warrant a sentence modification, the Court does not decide whether he is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release. The Court acknowledges, however, that the § 3553(a) factors likely do not favor release because Delgado has over a year of his sentence remaining.

### III. Conclusion

For the foregoing reasons, Delgado's Motion**, Doc #: 49**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster August 20, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[1] *Older Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited 8/20/2020).
[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 8/20/2020).
[3] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 8/20/2020).